**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000511**
**08-DEC-2025**
**07:54 AM**
**Dkt. 104 SO**

NO. CAAP-24-0000511

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KAI DELA CRUZ, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001711)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Kai **Dela Cruz** appeals from the *Judgment of Conviction Sentence* entered by the Circuit Court of the First Circuit on July 16, 2024.[1]  We vacate and remand for a new trial.

A jury found Dela Cruz guilty of Murder in the Second Degree.  He was sentenced to life in prison with the possibility of parole.  He appeals his conviction.  He contends the trial court erred by denying his motion to suppress his recorded confession; failing to obtain a valid waiver of his right to testify; and failing to instruct the jury on Extreme Mental or Emotional Disturbance Manslaughter.  He also alleges prosecutorial misconduct.

The <u>Tachibana</u> issue is dispositive.  It presents a question of law reviewed under the right/wrong standard.  <u>State</u>

---

[1]     The Honorable Shanlyn A.S. Park presided.

v. Martin, 146 Hawaiʻi 365, 377, 463 P.3d 1022, 1034 (2020). "Courts look to the totality of the facts and circumstances to determine whether a waiver of the right to testify was voluntarily and intelligently made. Id. at 379, 463 P.3d at 1036.

"[W]hen a defendant in a criminal case indicates an intention not to testify, the trial court must advise the defendant of the right to testify and must obtain an on-the-record waiver of the right." Martin, 146 Hawaiʻi at 378, 463 P.3d at 1035 (citing Tachibana v. State, 79 Hawaiʻi 226, 236 n.7, 900 P.2d 1293, 1303 n.7 (1995)). "[A]s part of this inquiry, the trial court should elicit responses as to whether . . . anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." Martin, 146 Hawaiʻi at 378-79, 463 P.3d at 1035-36.

Dela Cruz contends the trial court "failed to confirm that no one was forcing [him] not to testify" and "failed to confirm that the decision not to testify was [his] own decision." This was the exchange between Dela Cruz and the trial court:

> THE COURT: . . . . Mr. Dela Cruz, as I've discussed with you at the beginning of this trial, you have a constitutional right to testify in your own defense. Do you understand what that means?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Although you should consult with your lawyer regarding the decision to testify, it is your decision, and no one can prevent you from testifying should you choose to do so. Do you understand what that means?
>
> THE DEFENDANT: Yes.
>
> THE COURT: If you decide to testify, the prosecutor will be allowed to cross-examine you. You've seen the way cross-examination works throughout the course of this trial. So do you understand what that means?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You also have a constitutional right to not testify and to remain silent. Do you understand what that means?
>
> THE DEFENDANT: Yes.

2

THE COURT: If you choose not to testify, the jury will be instructed by me that it cannot hold your silence against you in deciding your case. Do you understand what that means?

THE DEFENDANT: Yes.

THE COURT: Have you had an opportunity to discuss with your lawyer about your right to testify and your right not to testify?

THE DEFENDANT: One second.

(Counsel and client confer.)

[COUNSEL]: Could I have a sec with him, Judge?

THE COURT: Yes, of course.

(Counsel and client confer.)

THE COURT: All right. Mr. Dela Cruz, do you need additional time to consult with your lawyer about your decision on whether you want to --

THE DEFENDANT: No, ma'am.

THE COURT: -- testify or whether you want to remain silent?

THE DEFENDANT: (Shakes head.)

THE COURT: Have you had sufficient time to discuss this issue with your attorney?

THE DEFENDANT: Yes.

THE COURT: And have -- and so what is your decision about whether you want to testify or whether you wish to remain silent?

THE DEFENDANT: Remain silent.

The trial court did not elicit responses from Dela Cruz about whether anyone was forcing him not to testify, or whether the decision to not testify was his own. Nor were the trial court's questions "tantamount to eliciting that information" as in Martin, 146 Hawaiʻi at 380, 463 P.3d at 1037.[2]

"Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the

_____

[2] The supreme court footnoted, "Trial judges should, however, include this specific question [("Is anyone forcing you not to testify?")] in their colloquies." Martin, 146 Hawaiʻi at 380 n.10, 463 P.3d at 1037 n.10.

State can prove the violation was harmless beyond a reasonable doubt." <u>Tachibana</u>, 79 Hawaiʻi at 240, 900 P.2d at 1307. The record does not reflect what Dela Cruz would have said if he testified. We cannot conclude the error was harmless beyond a reasonable doubt.

Dela Cruz does not contend the trial evidence was insufficient to support his conviction. The *Judgment of Conviction Sentence* is vacated, and this case is remanded for a new trial.

DATED: Honolulu, Hawaiʻi, December 8, 2025.

On the briefs:

Henry P. Ting,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge